GREENBERG TRAURIG, LLP
JEFF E. SCOTT  (SBN 126308)
E-Mail:  ScottJ@gtlaw.com
ROBERT J. HERRINGTON (SBN 234417)
E-Mail:  HerringtonR@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404-5524
Telephone:  310-586-7700; Facsimile:  310-586-7800

Attorneys for Defendants Twentieth Century Fox Home
Entertainment, LLC; Warner Bros. Entertainment Inc.;
Lions Gate Films, Inc.; United Artists Corporation;
Universal City Studios LLC, erroneously sued as
Universal Pictures; and Universal Studios Home
Entertainment LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PHILLIP COOPER and JOSHUA PERRY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC; WARNER BROTHERS ENTERTAINMENT, INC.; LIONS GATE FILMS, INC.; UNITED ARTISTS CORPORATION; UNIVERSAL PICTURES; AND UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC,<br><br>Defendants. | CASE NO.  CV-11-8807 R (PJWx)<br><br>1) **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;**<br><br>2) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>3) **REQUEST FOR JUDICIAL NOTICE (filed under separate cover);**<br><br>4) **DECLARATIONS OF JENNIFER JONES, AKIN CEYLAN, CLAYTON BIELE, PAMELA BLUM AND ROBERT J. HERRINGTON (filed under separate cover)**<br><br>Date:          February 6, 2012<br>Time:         10:00 a.m.<br>Courtroom:   8<br>Judge:        Hon. Manuel L. Real<br>Date Filed:   October 24, 2011<br>Trial Date:   None |

LA 130,044,622v8

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 6, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom No. 8 of the above entitled Court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Twentieth Century Fox Home Entertainment, LLC, Warner Bros. Entertainment Inc., Lions Gate Films, Inc., United Artists Corporation, Universal City Studios LLC (erroneously sued as Universal Pictures), and Universal Studios Home Entertainment LLC (collectively, "Defendants") will and hereby do, move the Court for an order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

The First Amended Complaint (FAC) should be dismissed in its entirety because: (i) Plaintiffs allege no legally cognizable harm; and (ii) all of Plaintiffs' claims are based on supposed nondisclosures, and the FAC and judicially noticeable documents establish that the allegedly undisclosed information was provided.

In addition, all of Plaintiff Phillip Cooper's claims should be dismissed for failure to comply with Rule 9(b) and Plaintiff Joshua Perry's claims against all defendants other than the "Universal" defendants should be dismissed because he admits he only purchased one movie with a digital copy and that the distributor of that movie was Universal. Plaintiffs' California claims should be dismissed because California law does not apply to this case, which is based on out-of-state purchases by out-of-state residents. Plaintiffs' claim under California's Consumer Legal Remedies Act should be dismissed for failure to comply with the Affidavit and Notice requirements. Plaintiffs' claims under the Unfair Competition Law fail because the FAC does not allege any unlawful, unfair or deceptive business practice. Plaintiffs' claims under Illinois and Arkansas' consumer fraud statutes fail because these statutes require facts establishing an intent to deceive and the FAC alleges no such facts. Finally, Plaintiffs' "unjust enrichment" claim fails because it is not a "claim" at all; it is a theory of recovery that fails along with the other claims.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Declarations of Jennifer Jones, Akin Ceylan, Clayton Biele,

Pamela Blum and Robert J. Herrington, all pleadings and files in this matter, all matters of which this Court may take judicial notice, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3, which took place on November 22, 2011.  During that conference, the parties discussed the grounds for this Motion, and Plaintiffs' counsel indicated that they would file a First Amended Complaint dropping one claim and adding additional details to the other claims.  Because the First Amended Complaint does not remedy the fatal defects in Plaintiffs' claims, Defendants are filing this Motion to Dismiss.

DATED:  January 9, 2012               GREENBERG TRAURIG, LLP


By:  _/s/ JEFF E. SCOTT_____
          Jeff E. Scott
Attorneys for Defendants Twentieth Century Fox
Home Entertainment, LLC; Warner Bros.
Entertainment Inc.; Lions Gate Films, Inc.; United
Artists Corporation; Universal City Studios LLC
erroneously sued as Universal Pictures; and
Universal Studios Home Entertainment LLC

LA 130,044,622v8

# <u>TABLE OF CONTENTS</u>

**Page**

I.   PRELIMINARY STATEMENT ................................................................ 1

II.   THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT ....................... 5

III.   GOVERNING LEGAL STANDARD.......................................................... 8

    A.   All Of Plaintiffs' Claims Fail For Two Fundamental Reasons..................... 10

        1.   Plaintiffs' claims fail as a matter of law because they have not alleged any legally cognizable harm. ............................................10

        2.   Plaintiffs' claims fail as a matter of law because the Movie Packages disclosed that the digital access codes may expire. ...........................12

    B.   All Plaintiffs' Claims Fail For Additional Reasons. ....................................... 17

        1.   Cooper fails to satisfy Rule 9(b). ...........................................17

        2.   Perry only alleges he bought a Universal Movie Package and thus cannot assert claims against anyone else. .............................18

        3.   California law does not apply. .................................................19

        4.   Plaintiffs' CLRA claim fails for additional reasons. ...............................20

        5.   Plaintiffs cannot state a claim under any prong of the UCL...................21

        6.   Plaintiffs' claims under the Arkansas and Illinois consumer fraud acts fail because the FAC alleges no facts establishing knowledge or intent..............................................23

        7.   The breach of warranty claims fail. ........................................24

        8.   The unjust enrichment "claims" fail. ......................................25

V.   CONCLUSION.................................................................................. 25

LA 130,044,622v8

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Alfi v. Nordstrom, Inc.*
  2010 WL 5093434 (S.D. Cal. Dec. 8, 2010) ...................................................3, 11, 12

*Ashcroft v. Iqbal*
  ___U.S. ___ , 129 S. Ct. 1937 (2009)...................................................................8, 9, 23

*Baxter v. Intelius, Inc.*
  2010 WL 3791487 (C.D. Cal. Sept. 16, 2010) .........................................................13, 21

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)..........................................................................................................8, 9

*Berenblat v. Apple, Inc.*
  2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ............................................................4, 13

*Berry v. Webloyalty.com, Inc.*
  2011 WL 1375665 (S.D. Cal. Apr. 11, 2011) ...............................................................13

*Bischoff v. DirecTV, Inc.*
  180 F. Supp. 2d 1097 (C.D. Cal. 2002) .........................................................................13

*Carnival Cruise Lines, Inc. v. Shute*
  499 U.S. 585 (1991)............................................................................................................13

Cattie v. Wal-Mart Stores, Inc.
  504 F. Supp. 2d 939 (S.D. Cal. 2007)......................................................................18, 21

*Churchill Village, LLC v. General Elec. Co.*
  169 F. Supp. 2d 1119 (N.D. Cal. 2000) .........................................................................20

*Clearly v. Phillip Morris USA, Inc.*
  2010 WL 2555640 (N.D. Ill., June 22, 2010)................................................................11

*Deitz v. Comcast Corp.*
  2007 WL 2015440 (N.D. Cal. 2007) .............................................................................10

*DeLeon v. Wells Fargo Bank, N.A.*
  2011 WL 311376 (N.D. Cal. Jan. 28, 2011, 2011).....................................................23

*Dorado v. Shea Homes Ltd. P'ship*
  2011 WL 3875626 (E.D. Cal Aug. 31, 2011).................................................................18

*Downey v. Fed. Express Corp.*
  1993 WL 463283 (N.D. Cal. Oct. 29, 1993) ................................................................15

LA 130,044,622v8

*Dugan v. FedEx Corp.*
2002 WL 31305208 (C.D. Cal. Sept. 27, 2002) ...................................................15

*Ford v. Hotwire, Inc.*
2007 WL 6235779 (S.D. Cal. Nov. 19, 2007) ...................................................3, 13, 22

*Freeman v. Time, Inc.*
68 F.3d 285 (9th Cir. 1995) ...................................................13

*Green v. Green Mountain Coffee Roasters, Inc.*
2011 WL 6372617 (D.N.J. Dec. 20, 2011) ...................................................12

*Harmon v. Hilton Group*
2011 WL 5914004 (N.D. Cal. Nov. 28, 2011) ...................................................12

*Herrington v. Johnson & Johnson Consumer Cos. Inc.*
2010 WL 3448531 (N.D. Cal., Sept. 1, 2010) ...................................................6

*Hill, et al. v. Gateway 2000*
105 F. 3d 1147 (7th Cir. 1997) ...................................................13

*In re HP Inkjet Printer Litigation*
2006 WL 1581950 (N.D. Cal. June 6, 2006) ...................................................11

*In re iPhone Application Litig.*
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ...................................................12

*In re Samsung Electronics America, Inc. Blu-ray Class Action Litigation*
2008 WL 5451024 (D.N.J. Dec. 31, 2008) ...................................................4, 14, 15

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...................................................21

*In re Toyota Motor Corp.*
785 F. Supp. 2d 883 (C.D. Cal. 2011) ...................................................20

*Intri-Plex Techs., Inc. v. Crest Group, Inc.*
499 F.3d 1048 (9th Cir. 2007) ...................................................9

*Kearns v. Ford Motor Co*
567 F.3d 1120 (2009) ...................................................9

*Kennedy Funding, Inc. v. Chapman*
2010 WL 4509805 (N.D. Cal. Nov. 1, 2010) ...................................................18

*Knievel v. ESPN*
393 F.3d 1068 (9th Cir. 2005) ...................................................9

*Langendorf v. Conseco Senior Health Ins. Co.*
590 F. Supp. 2d 1020 (N.D. Ill. 2008) ...................................................23

LA 130,044,622v8

*Laster v. T-Mobile USA, Inc.*
407 F. Supp. 2d 1181 (S.D. Cal. 2005)........................................................21

*Lazy Y Ranch Ltd. v. Behrens*
546 F.3d 580 (9th Cir. 2008) .......................................................................9

Lee v. American Nat. Ins. Co.
260 F.3d 997 (9th Cir. 2001) ......................................................................18

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*
387 F.3d 522 (6th Cir. 2004) ......................................................................14

*Loiseau v. VISA USA Inc.*
2010 WL 4542896 (S.D. Cal. Feb. 10, 2010)............................................15

*Lopez v. GMAC Mortg.*
2011 WL 6029875 (E.D. Cal. Dec. 5, 2011) .............................................18

*Mahoney v. Fidelity Nat'l Title Co.*
2008 WL 4286934 (C.D. Cal. Sept. 15, 2008) ..........................................12

*Meridian Project Sys. v. Hardin Const. Co., LLC*
426 F. Supp. 2d 1101 (E.D. Cal. 2006) .....................................................13

*Mudd-Lyman Sales and Service Corp. v. United Parcel Service, Inc.*
236 F. Supp. 2d 907 (N.D. Ill. 2002) .........................................................14

*Murphy v. DirecTV, Inc.*
2011 WL 3325891 (C.D. Cal. Feb. 11, 2011) ...........................................20

*Oracle Corp. v. SAP AG*
734 F. Supp. 2d 956 (N.D. Cal. 2010) .......................................................19

*Paramount Farms, Inc. v. Ventilex B.V.*
735 F.Supp.2d 1189 (E.D. Cal. 2010) .......................................................11

Perez v. State Farm Mut. Auto. Ins. Co.
2011 WL 5833636 (N.D. Cal. Nov. 15, 2011) ..........................................18

*ProCD, Inc. v. Zeidenberg*
86 F.3d 1447 (7th Cir. 1996) ......................................................................13

*Rinaldi v. Iomega Corp.*
1999 WL 1442014 (Del. Sup. Ct., Sept. 3, 1999).....................................14

*Rivera v. AT&T Corp.*
420 F. Supp. 2d 1312 (S.D. Fla. 2006) ......................................................14

*Rodriguez v. JP Morgan Chase & Co.*
2011 WL 3805635 (S.D. Cal. Aug. 25, 2011) ...........................................18

iii

*Schafer v. AT&T Wireless Services, Inc.*
  2005 WL 850459 (S.D. Ill.  Apr. 1, 2005)................................................................14

*Shelton v. Restaurant.com Inc.*
  2010 WL 2384923 (D.N.J. June 15, 2010)...........................................................11

*Spivey v. Adaptive Marketing*
  660 F. Supp. 2d 940 (S.D. Ill. 2009)....................................................................14

*Stearns v. Select Comfort Retail Corp.*
  2009 WL 1635931 (N.D. Cal. June 5, 2009)........................................................23

*Stern v. Leucadia Nat. Corp.*
  844 F.2d 997 (2d Cir. 1988)...................................................................................23

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) .............................................................................4, 10

*Tidenberg v. Bidz.com, Inc.*
  2009 WL 605249 (C.D. Cal. Mar. 4, 2009)..........................................................20

*Tietsworth v. Sears, Roebuck & Co.*
  2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ...................................................13, 24

*Van Slyke v. Capital One Bank*
  2007 WL 3343943 (N.D. Cal. Nov. 7, 2007) ........................................................22

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .................................................................................9

*Vitt v. Apple Computer, Inc.*
  No. 10-55941 (9th Cir. Dec. 6, 2011)...................................................................24

*Werbel ex rel. v. Pepsico, Inc.*
  2010 WL 2673860 (N.D. Cal. July 2, 2010)..........................................................11

*Williams v. Gerber Prods. Co.*
  552 F.3d 934 (9th Cir. 2008) .................................................................................17

*Wold v. Dell Financial Services, L.P.*
  598 F. Supp. 2d 984 (D. Minn. 2009)...................................................................14

**State Cases**

*Adams v. Wacaster Oil Co., Inc*
  81 Ark. App. 150 (2003)........................................................................................25

*Berryman v. Merit Prop. Mgmt., Inc.*
  152 Cal. App. 4th 1544 (2007)..............................................................................22

*Bower v. AT&T Mobility, LLC*
  196 Cal. App. 4th 1545 (2011) .........................................................................3, 10

iv

*Buller v. Sutter Health*
   160 Cal. App. 4th 981 (2008) ...................................................................22

*Cardinal Health 301, Inc. v. Tyco Electronics Corp.*
   169 Cal. App. 4th 116 (2008) ..................................................................24

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*
   20 Cal. 4th 163 (1999) .......................................................................21, 22

*Connick v. Suzuki Motor Co., Ltd.*
   174 Ill.2d 482 (1996) ................................................................................24

*Cummins, Inc. v. Superior Court*
   36 Cal. 4th 478 (2005) .............................................................................20

*Davis v. Newmar Corp.*
   136 Cal. App. 4th 275 (2006) ..................................................................20

*DePriest v. AstraZeneca Pharmaceuticals, L.P.*
   2009 Ark. 547 (Ark. 2009) .......................................................................11

*Gregory v. Albertson's, Inc.*
   104 Cal. App. 4th 845 (2002) ..................................................................22

*Hall v. Time Inc.*
   158 Cal. App. 4th 847 (2008) ..................................................................12

*Jogani v. Superior Court*
   165 Cal. App. 4th 901 (2008) ..................................................................25

*Kim v. Mercedes-Benz*
   353 Ill. App. 3d 444 (2004) .....................................................................11

*Martis v. Grinnell Mut. Reinsurance Co.*
   388 Ill. App. 3d 1017 (2009) ...................................................................25

*Melchior v. New Line Prods., Inc.*
   106 Cal. App. 4th 779 (2003) ..................................................................25

*Meyer v. Sprint Spectrum L.P.*
   45 Cal. 4th 634 (2009) .............................................................................10

*Norwest Mortgage, Inc. v. Superior Court*
   72 Cal. App. 4th 214 (1999) ....................................................................19

*Ozark Kenworth, Inc. v. Neidecker*
   283 Ark. 196 (Ark. 1984) ........................................................................11

*Peterson v. Cellco P'ship*
   164 Cal. App. 4th 1583 (2008) ..........................................................10, 12

v

*Searle v. Wyndham Int'l, Inc.*
  102 Cal. App. 4th 1327 (2002) ........................................................22

*Seely v. White Motor Co.*
  63 Cal. 2d 9 (1965) ........................................................................24

*Sparks Regional Med. Center v. Blatt*
  55 Ark. App. 311 (1996)..................................................................25

*Sullivan v. Oracle Corp.*
  51 Cal. 4th 1191 (2011) ........................................................5, 19, 20

*Wilens v. TD Waterhouse Group, Inc.*
  120 Cal. App. 4th 746 (2003) ..........................................................10

**State Statutes**

810 ILCS 5/2-607(3)(a) ....................................................................24

815 ILCS 505/10a(a)........................................................................10

Arkansas Code § 4-88-107(a)(1) ........................................................23

Arkansas Code § 4-88-107(a)(3) ........................................................23

Arkansas Code § 4-88-108(1) ............................................................23

Arkansas Code § 4-88-108(2) ............................................................23

Arkansas Code Annotated § 4-2-607(3)(a)...........................................25

Arkansas Code Annotated § 4-88-113(f) .............................................10

California Business & Professions Code § 17204 ..................................10

California Business & Professions Code § 17535 ..................................10

California Civil Code § 1780(d) .....................................................5, 21

California Civil Code § 1782(a) .....................................................5, 21

California Civil Code § 1793 ............................................................20

California Civil Code § 1793.2(a) ......................................................20

California Commercial Code § 2607(3)(A)...........................................24

**Federal Rules**

Federal Rules of Civil Procedure, Rule 8 ........................................8, 23

Federal Rules of Civil Procedure, Rule 8(a).........................................23

Federal Rules of Civil Procedure, Rule 8(a)(2) .................................8, 22

Federal Rules of Civil Procedure, Rule 9(b)....................................passim

vi

Fedeal Rules of Civil Procedure, Rule 11 .................................................................2

Federal Rules of Civil Procedure, Rule  12(b)(1) ....................................................1

Federal Rules of Civil Procedure, Rule  12(b)(6) ...................................................8

**Other Authorities**

Cent. Dist. of Cal. Local Rule 7-3 ...........................................................................2

Proposition 64, § 1(b)(3) ........................................................................................19

vii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

This case is yet another putative class action where (a) no one was harmed and (b) the allegedly "undisclosed" information was provided.  It relates to the sale of Blu-ray movie packages that include a "digital copy" of the movie along with a Blu-ray disc.  As Plaintiffs allege, a "digital copy" of a movie is a copy that can be downloaded either using a specific code over the internet or accessed through a specific included disc, and can be copied onto a person's computer or other compatible device.  For business reasons, including the need to limit the amount of time studios must support a specific format in an area with rapidly evolving technology, the access code needed to download or unlock the digital copy often includes an expiration date, after which the digital copy *may* no longer be available.  The plaintiffs are Philip Cooper, a resident of Arkansas ("Cooper") and Joshua Perry, a resident of Illinois ("Perry"), who claim they purchased several Blu-ray movie packages that included digital copies with expiration dates.

Perry and Cooper admit that the packaging for the movies they bought (i) disclosed that the digital copy was subject to expiration; and (ii) identified the expiration date.  They claim, however, that the expiration date was "buried" in fine print and that this somehow entitles them to monetary relief even though they do not contend that they were unable to access their digital copies.  To support this assertion, Plaintiffs include several amateur photos of products they claim to have purchased (the copies of which are often small, blurry and unreadable), but fail to provide actual copies of the complete packaging and disclosures for each movie title.  With their Request for Judicial Notice, Defendants (most of the major movie studios) have included copies of the packaging and disclosures for each movie title that Plaintiffs claim to have purchased.  As the Court will see, the expiration date is disclosed several times, including on the outside of the package, on the insert that includes the access code for the digital copy, and for at least some titles on the front of the packaging.

Despite these disclosures and without alleging any injury, non-California residents

---

1

1  Perry and Cooper assert a bevy of claims under California law.  Plaintiffs claim that part

2  of the reason for their purchases was to obtain the digital copy (along with the Blu-ray

3  disc) and that they were "unaware" that the digital copy might expire.  Tellingly,

4  Plaintiffs never allege that they were *unable* to access the digital copies as a result of the

5  expiration date (or for any other reason).  Plaintiffs do not even allege that they *tried* to

6  access the digital copies and were unable to do so.[1]

7      Based on these allegations, Plaintiffs' First Amended Complaint (FAC)[2] asserts

8  claims for purported violations of California's Unfair Competition Law (UCL), False

9  Advertising Law (FAL), Consumer Legal Remedies Act (CLRA), as well as for breach

10  of warranty and "unjust enrichment."  To hedge against the obvious risk that the Court

11  will conclude that California law does not apply to the claims of non-California

12  purchasers with respect to their non-California purchases, Plaintiffs also assert purported

13  claims under Illinois and Arkansas consumer protection and warranty laws "in the

14  alternative."  All of these claims fail for at least two basic reasons:

15      (1)   **No Legally Cognizable Harm:**  All of Plaintiffs' claims fail as a matter of

16  law because Plaintiffs have not alleged any economic injury, which is required by Article

17  III of the U.S. Constitution and is a necessary element of each purported claim for relief.

18  Plaintiffs must plead facts establishing that they suffered "economic" injury "as a result"

19

20  [1]   Plaintiffs have not made this allegation because they cannot do so consistent with

21  Fed. R. Civ. Proc. 11.  Although beyond the scope of a motion to dismiss, Plaintiffs are

     no doubt aware that, in many cases, the digital copy of a movie remains accessible after

22  the expiration date identified on the package (which often is stated to give the studios the

     option, but not the obligation, to discontinue supporting a technology that is new and

23  subject to change).  Moreover, even if not immediately accessible, customers can often

24  obtain access simply by contacting customer service.

25  [2]   Plaintiffs' original complaint also included claims under the federal Credit Card

26  Accountability, Responsibility and Disclosure Act and the Electronic Funds Transfer Act.

     After meeting and conferring with Plaintiffs' counsel, they agreed to drop these claims

27  and to attempt to cure defects pointed out during the meet and confer process pertaining

     to the remaining claims.  As demonstrated below, Plaintiffs have proven themselves

28  unable to cure those defects.

of Defendants' alleged conduct - here, the manner in which the possible expiration date was disclosed.  *See Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011) (plaintiff must establish "*economic injury*" and "show that the economic injury was the result of, *i.e.*, *caused by,* the unfair business practice or false advertising that is the gravamen of the claim.")  Plaintiffs fail to satisfy this standard, alleging only that they "did not access" the digital copies.  (FAC ¶ 9:19-20, ¶ 10:8-9.)  They also fail to allege that they *could not access* the digital copies as a result of the alleged expiration date—or even that they tried.  Accordingly, Plaintiffs have not identified any legally cognizable harm and cannot state any claim for relief.  *See Alfi v. Nordstrom, Inc.*, 2010 WL 5093434, at *5  (S.D. Cal. Dec. 8, 2010) (granting motion to dismiss case challenging disclosure of expiration date on rewards "note" because "Plaintiff does not describe whether he attempted to redeem expired Notes, and if so, whether Nordstrom honored or rejected the expired Notes.").  On this basis alone, the FAC should be dismissed.

(2)   **Terms of Offer Were Disclosed:**  All of Plaintiffs' claims fail as a matter of law because the allegedly undisclosed information (the expiration date) was disclosed. *See Ford v. Hotwire, Inc.*, 2007 WL 6235779, at *1, 4 (S.D. Cal. Nov. 19, 2007) (dismissing UCL and false advertising claim because Hotwire's website disclosed the terms plaintiff claimed had been omitted).  As Plaintiffs concede, the terms and conditions of the digital copy offer, including the expiration date for each title, are set forth on the product packaging.  (FAC ¶¶ 4-5.)  Also, as shown in documents in the accompanying RJN, these terms were disclosed on the package insert containing the access code for the digital copy and, for several titles, on the front of the movie package. For example, the package for "Couples Retreat," allegedly bought by Plaintiff Cooper, has a sticker on the *front* of the package stating that the digital copy "Expires 2/28/11" and language on the back stating: "Code that permits activation of digital copy may not be valid after 2/28/11."  (Declaration of Pamela Blum ("Blum Decl."), Ex. 2.)

Given these disclosures, Plaintiffs cannot state any actionable omission and their claims should be dismissed as a matter of law.  *See, e.g., Berenblat v. Apple, Inc.*, 2010

WL 1460297, at *4 (N.D. Cal. Apr. 9, 2010) (dismissing consumer protection and warranty claims based on warranty limitations provided to customers, even though those limitations were not available to consumers prior to sale); *In re Samsung Electronics America, Inc. Blu-ray Class Action Litigation*, 2008 WL 5451024, at *4 n.5 (D.N.J. Dec. 31, 2008) ("various courts have approved the inclusion of licenses, additional warranties and limitations and other contractual terms on the inside of the product packaging.").

Although the Court does not have to reach these issues if it dismisses on the prior ground, Plaintiffs' claims fail for several additional reasons:

**Cooper Fails to Meet Rule 9(b) Standard:**  All of Plaintiffs' claims are grounded in fraud.  As a result, they must satisfy the particularity standards of Federal Rule of Civil Procedure 9(b), which requires that the complaint allege with specificity the who, what, when, where and why of the alleged fraud.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Cooper's claims fall short.  He fails to allege *when* he purchased each of the movies, whether the digital copies had expired at the time of the purchase, what specific disclosures were provided, and how those disclosures were provided. Cooper's claims do not satisfy Rule 9(b) and should be dismissed.

**Perry Only Alleges a Purchase of a Product from Universal:**  Perry alleges that he made one purchase of one movie (The Incredible Hulk) from one set of defendants (Universal).  However, he purports to sue all defendants.  His claims against all parties other than the Universal defendants should be dismissed for the independent reason that he has no standing to sue them.

**California Law Does Not Apply:**  Plaintiffs are out-of-state residents, who made out-of-state purchases and purport to allege out-of-state injuries.  For example, Plaintiff Perry is an Illinois resident, who purchased a movie package in Illinois made by Defendant Universal, which is a Delaware and New York company.  Despite having literally no ties to California, Plaintiffs ask this Court to permit claims under California law—a request that should be rejected as a matter of law.   The California Supreme Court has ruled that there is a presumption against applying California law extraterritorially

4

(*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011)), and Plaintiffs have offered nothing to overcome that presumption. All of the California claims should be dismissed.

**Other Required Elements Cannot Be Established:**  In addition to these fatal defects, each of Plaintiffs' claims fail for additional reasons:

- **CLRA**:  Plaintiffs failed to provide the affidavit or the 30-day notice letter required under Cal. Civ. Code §§ 1780(d) and 1782(a).

- **UCL:**  Plaintiffs' UCL claim fails because they have not alleged any actionable unlawful, unfair or fraudulent conduct by Defendants.

- **IL/Ark Consumer Protection Statutes**:  These statutes require Plaintiffs to allege facts establishing an intent to deceive, and Plaintiffs have alleged no such facts.

- **Warranty Claims** -  These claims fail for two additional reasons.  Plaintiffs fail to allege facts establishing that Defendants made any express warranty that the digital access codes would not expire.  Nor could they; as shown, the packaging expressly stated that the codes could expire.  In addition, Plaintiffs were required to allege facts establishing that they notified Defendants of the alleged "breach of warranty" before filing this action to permit time to cure.  They have not done so and their claims should be dismissed.

- **Unjust Enrichment**:  Plaintiffs' purported "claim" for "unjust enrichment" should be dismissed because unjust enrichment is a remedy, not a standalone claim.

For all of these reasons, Defendants respectfully request that the Court grant this Motion and dismiss all Plaintiffs' claims with prejudice.

## II.    THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Defendants are five movie studios that produce and distribute films in various formats, including DVD, Blu-ray, and digital copy.  (FAC ¶¶ 11-17.)  Plaintiffs allege that Defendants offer "Movie Packages" that include a physical Blu-ray disc containing the film along with a "bonus" digital copy accessible by entering a digital access code contained inside the product packaging.  (*Id.*, ¶ 2.)  Plaintiffs allege that "[a] digital copy is a 'product (DVD or Blu-ray disc) that includes either a disc with an additional digital

file of the film or TV show or a code to download the file online.  One can transfer the file onto one's computer or portable media player.'" (*Id.*, ¶ 37).  Regardless of whether the digital copy is activated onto a supplied disk or downloaded from the internet, a digital access code is needed to access the digital copy.  (*Id.* at ¶ 38).

**Cooper's Allegations**.  Cooper, an Arkansas resident, alleges he purchased nine Movie Packages - two from Warner Bros, two from Lions Gate, two from Universal, two from 20th Century Fox and one from United Artists.  (*Id.*, ¶ 9.)  Cooper claims these purchases were made at two different Wal-Mart stores in Fayetteville, Arkansas.  (*Id.*)  Cooper fails to allege when he purchased these Movie Packages.  Cooper also does not allege that the digital access codes were expired at the time of purchase or that they expired before he had an opportunity to utilize the codes.  Although Cooper claims that he wanted the digital copy, he fails to allege that he ever *tried* to utilize the digital access codes or was unable to access the digital copy because of the expiration date.  Instead, Cooper simply states that he "*did not* access the digital copy codes for any of these movies . . ." (*Id.*) (emphasis added).  Cooper also fails to allege whether he attempted to contact any of Defendants' customer service groups or whether he was provided with any relief or assistance in accessing the digital copy.[3]

**Perry's Allegations**.  Perry, an Illinois resident, claims to have purchased one

---

[3]      Plaintiffs do not claim that they purchased any Movie Packages from Amazon.com or other internet retailers or relied on these statements.  Accordingly, any statements regarding internet sales of Movie Packages are irrelevant to this case.  *Herrington v. Johnson & Johnson Consumer Cos. Inc.*, 2010 WL 3448531, *11 (N.D. Cal., Sept. 1, 2010) (fraud claim dismissed for failure to allege that challenged statements were ever seen by or relied upon by plaintiffs).  Nonetheless, the FAC includes an excerpt from an Amazon.com webpage entitled "Digital Copy 1-2-3" that allegedly "demonstrates the method by which a consumer can access a digital copy of a movie with a Digital Copy Disc and a Digital Access Code." (FAC ¶ 31.)  Notably, Plaintiffs fail to provide the Court with the remainder of this page, which explains the possible expiration dates and directs the customer to the packaging details: "Q.   Do the copies expire?   **A. Many do. Check your packaging for dates.**  The Digital Copy on *The Dark Knight*, for example, expired on December 9, 2009, one year after the DVD/Blu-ray was first released." (Declaration or Robert J. Herrington ("Herrington Decl."), Ex. 1.) (emphasis added).

1  Movie Package, distributed by Universal.  (FAC, ¶ 10.)  Perry states that this purchase
2  was made at a Target store in Machesney Park, Illinois.  (*Id.*)  Perry claims that the
3  digital access code for his Movie Package had expired at the time of purchase.  (*Id.*)  Like
4  Cooper, Perry claims he wanted the digital copy, but does not allege that he ever actually
5  tried to utilize the digital access code or was unable to access the digital copy because of
6  the expiration date (a critical point because expiration dates often are extended or not
7  enforced at all).  Instead, Perry simply states that he "*did not* access the digital copy
8  code" for his Movie Package.  (*Id.*) (emphasis added).  Perry also does not allege whether
9  he attempted to contact Universal's customer service or whether he received any
10 assistance.  He does not explain why he sued anyone other than Universal.

11 **Disclosure of the Expiration Dates.**  As Plaintiffs admit, the packaging and
12 disclosures for the various Movie Packages they bought are all different.  (FAC, ¶¶ 50-70
13 [showing pictures of the packaging for the subject Movie Packages].)  Plaintiffs also
14 admit that the expiration dates and "limited time only" nature of the digital copy offer is
15 disclosed on the outside back of the product packaging.  (*Id.*, ¶¶ 4, 5.)  Further, Plaintiffs
16 admit that some of the Movie Packages had stickers on the front of the packaging that
17 disclose additional details regarding the digital copy offer.  (*See e.g.*, *id.*, ¶ 50
18 [Appaloosa], ¶ 70 [Incredible Hulk].)  Plaintiffs, however, fail to provide legible copies
19 of those notices and their content.

20 Because Plaintiffs' claims are predicated on the content of the packaging, the
21 Court can take judicial notice of the actual packaging and disclosures provided and
22 Defendants have included high resolution images of the Movie Packages allegedly
23 purchased by Plaintiffs with their Request for Judicial Notice.  For example, Cooper
24 alleges that he purchased the Movie Package for "Couples Retreat."  (FAC, ¶ 9.)  The
25 packaging for "Couples Retreat," attached as Exhibit 2 to the concurrently filed Blum
26 Decl., shows the following:

27  • On the front, there is a sticker on the lower right hand corner that says:
28  "Includes Digital Copy for a Limited Time Only…" and then says: "Expires

7

2/28/11" (Blum Decl., Ex. 2.)

- On the back, the portion of the box discussing the Digital Copy has an asterisk that references the following disclosure: "Code that permits activation of digital copy may not be valid after 2/28/11." (*Id.*)

- Further, on the inside of the packaging there is a card that provides the digital access code (referenced by the FAC in paragraph 2). The insert card states: "Code that permits activation of Digital Copy may not be valid after 02/28/11." (*Id.*)

As the Court will see in the packaging introduced through the RJN and concurrently filed declarations, each of the Movie Packages purchased by Plaintiffs describes the terms of the digital copy offer, including the expiration date, on the outside and inside of the packaging.

Notwithstanding these disclosures, Cooper and Perry filed suit, asserting a host of claims, all of which fail as a matter of law.

### III.   GOVERNING LEGAL STANDARD

**General Pleading Standard.** Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, ___U.S. ___ , 129 S. Ct. 1937, 1949 (2009) ("Rule 8...does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when

8

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id.*

In conducting this analysis, a court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555. The Court, however, "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court also may consider items incorporated in a complaint or subject to judicial notice without converting the motion to dismiss into one for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Defs.' RJN.

**Plaintiff Also Must Satisfy Rule 9(b).**  Where, as here, a plaintiff alleges a course of fraudulent conduct and "rel[ies] entirely on that course of conduct as the basis of that claim…[i]n that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' ***and the pleading…as a whole*** must satisfy the particularity requirement of Rule 9(b)." (emphasis added) *Kearns v. Ford Motor Co*, 567 F.3d 1120 (2009) at 1125, *citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Here, all of Plaintiffs' claims are based on allegedly fraudulent conduct, namely, that Defendants' "disclaimers and explanations for [the expiration dates for] their *Blu-ray* Movie Packages containing digital copies at issue are not clear and visible" and "the disclosures by Defendants regarding code expiration dates are unfair and deceptive." (FAC ¶¶ 2, 4.)  Because the FAC alleges fraudulent conduct and relies upon that conduct for all claims, the entire Complaint must satisfy Rule 9(b).

This means Plaintiffs must allege the "who, what, when, where, and how" of the fraudulent misconduct with particularity. *See Kearns*, 567 F.3d at 1124.  A complaint satisfies Rule 9(b) only if it provides "an account of the time, place, and specific content

1  of the false representations as well as the identities of the parties to the

2  misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

3                         **IV.   ARGUMENT**

4  **A.   All Of Plaintiffs' Claims Fail For Two Fundamental Reasons.**

5       All Plaintiffs' claims should be dismissed for at least two independent reasons:

6       **1.   Plaintiffs' claims fail as a matter of law because they have not alleged**

7            **any legally cognizable harm.**

8       Plaintiffs' claims should be dismissed because they have not alleged any actual

9  economic injury caused by Defendants' conduct, which are required elements for each

10 claim. *See, e.g.*, *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1556 (2011)

11 (because plaintiff "did not allege that she could have obtained a bundled transaction for

12 the new cellular telephone that she wanted at a lower price from another source," she did

13 not allege a "tangible increased cost or burden" as a result of defendant's alleged

14 misrepresentation and could not state a claim).[4]

---

15 [4]    **UCL:** Cal. Bus. & Prof. Code § 17204 (UCL claims may be brought by "a person

16 who has suffered injury in fact and has lost money or property as a result of the unfair

17 competition."); **FAL:** Cal. Bus. & Prof. Code § 17535 (FAL claims may be brought by

18 "any person who has suffered injury in fact and has lost money or property as a result of

19 a violation of this chapter."); *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545,

20 1554 (2011); **CLRA:** *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754

21 (2003) ("Relief under the CLRA is specifically limited to those who suffer damage,

22 making causation a necessary element of proof."); *Meyer v. Sprint Spectrum L.P.*, 45 Cal.

23 4th 634, 641 (2009) ("allegedly unlawful practice under the CLRA" must result "in some

24 kind of tangible increased cost or burden to the consumer."); **Illinois Consumer Fraud**

25 **and Deceptive Business Practices Act:** 815 ILCS 505/10a(a) (consumer actions limited

26 to "[a]ny person who suffers actual damage as a result of a violation of this Act . . .");

27 **Arkansas Deceptive Trade Practices Act:**  Ark. Code Ann. § 4-88-113(f) (private cause

28 of action under the act limited to instances where a person has suffered "actual damage or

injury as a result of an offense or violation as defined in this chapter."); **California**

**Unjust Enrichment:** *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)

(holding that a purported "claim" based on unjust enrichment requires "receipt of a

benefit and the unjust retention of the benefit at the expense of another . . ."); *Deitz v.*

*Comcast Corp.*, 2007 WL 2015440, at * 7 (N.D. Cal. 2007) (same); **California Breach**

**of Warranty:** *Paramount Farms, Inc. v. Ventilex B.V.*, 735 F.Supp.2d 1189, 1215-16

---

The decision in *Alfi v. Nordstrom, Inc.*, 2010 WL 5093434 (S.D. Cal. Dec. 8, 2010), is directly on point.  In *Alfi*, plaintiff challenged the disclosures on "Notes" issued as part of Nordstrom's rewards program, claiming (just as Plaintiffs do here) that the expiration date was not conspicuously disclosed. *Id.* at *1. The court granted defendant's motion to dismiss, concluding that plaintiff had failed to allege any economic injury. Detailing the pleading deficiencies, the court explained "[p]laintiff fails to set out facts describing his injury": "He does not state whether he is able or unable to read the smaller font used for the expiration dates";  "Plaintiff does not describe whether he attempted to redeem expired Notes, and if so, whether Nordstrom honored or rejected the expired Notes." *Id.* at *5.   By failing to provide these allegations, the court had "no basis on which to determine whether Plaintiff has suffered any financial loss sufficient to constitute injury in fact" and granted the motion to dismiss.  *Id.*[5]

---

(E.D. Cal. 2010) ("Breach of express warranty elements include 'the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury.'") (citations omitted); *Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *5 (N.D. Cal. July 2, 2010) (plaintiff must show that "the breach of warranty caused plaintiff to suffer injury, damage, loss or harm"); **Illinois Unjust Enrichment:** *Clearly v. Phillip Morris USA, Inc.*, 2010 WL 2555640, at *4 (N.D. Ill., June 22, 2010) ( "A claim of unjust enrichment based on a theory of restitution also requires a plaintiff to establish she was harmed."); **Illinois Breach of Warranty:** *Kim v. Mercedes-Benz*, 353 Ill. App. 3d 444, 460 (2004) ("Damages are an element of a breach of warranty claim. Without damages, there can be no recovery . . .") (citations omitted); **Arkansas Unjust Enrichment:** *DePriest v. AstraZeneca Pharmaceuticals, L.P.*, 2009 Ark. 547 (Ark. 2009) ("To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore."); **Arkansas Breach of Warranty:** *Ozark Kenworth, Inc. v. Neidecker*, 283 Ark. 196, 205 (Ark. 1984) ("[A]n essential element for [a breach of warranty claim] requires proof of damages proximately caused by the breach or misrepresentation or proof of difference in value.")

[5]    *Accord In re HP Inkjet Printer Litigation*, 2006 WL 1581950, at *2 (N.D. Cal. June 6, 2006) (granting motion to dismiss where plaintiffs failed to allege facts establishing injury in fact based on alleged lack of disclosure of expiration date for defendant's printer cartridges); *Shelton v. Restaurant.com Inc.*, 2010 WL 2384923, at *4 (D.N.J. June 15, 2010) (dismissing class action challenging expiration date on gift card because plaintiff failed to allege concrete economic loss).

1   The Court should reach the same conclusion here.  As in *Alfi*, Plaintiffs do not set

2   out facts describing their alleged injury.  Although Cooper and Perry claim to have

3   wanted the digital copy and allege that they "did not access the digital copy code" (FAC,

4   ¶¶ 9-10), Plaintiffs never allege that they attempted to access the digital copies, that they

5   were unable to do so as a result of the expiration date, or, if initially unable to do so

6   because of the expiration date, whether Defendants refused to honor expired codes.  *Alfi*,

7   2010 WL 5093434, at *5.[6]  Accordingly, Plaintiffs have not alleged facts establishing any

8   economic harm or injury and their claims should all be dismissed.

9       **2.      Plaintiffs' claims fail as a matter of law because the Movie Packages**

10              **disclosed that the digital access codes may expire.**

11      All of Plaintiffs' claims are based on the conclusory assertion that Defendants'

12   conduct was "deceptive and fraudulent" because the potential expiration date for the

13   digital access code supposedly was not "clear and visible."  (FAC, ¶¶ 2, 4-5, 87, 89, 95,

14   103, 111, 126-127, 134, 146, 152.)  This assertion fails as a matter of law because, as

15   Plaintiffs acknowledge and as the judicially noticeable documents demonstrate, the

16   expiration date was disclosed as part of the offer.  *See Freeman v. Time, Inc.*, 68 F.3d

17

18   [6]     *See also Harmon v. Hilton Group*, 2011 WL 5914004, at **7, 11 (N.D. Cal. Nov.

19   28, 2011) (dismissing complaint with prejudice; "Relief under the CLRA is specifically
     limited to those who suffer damage.") (internal citations omitted); *In re iPhone*

20   *Application Litig.*, 2011 WL 4403963, at *10 (N.D. Cal. Sept. 20, 2011) ("[p]laintiffs
     have not alleged any damage as a result of [d]efendants' alleged actions.  Therefore,

21   [p]laintiffs' CLRA claim necessarily fails."); *Mahoney v. Fidelity Nat'l Title Co.*, 2008

22   WL 4286934, *5 (C.D. Cal. Sept. 15, 2008) (granting motion to dismiss because plaintiff
     did not sufficiently allege injury in fact); *Green v. Green Mountain Coffee Roasters, Inc.*,

23   2011 WL 6372617, *4 (D.N.J. Dec. 20, 2011) (no ascertainable loss or injury where

24   "[plaintiff] has not alleged that he has made a claim for warranty repair or replacement of
     his machine."); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 853 (2008) (dismissing unfair

25   competition claim because plaintiff failed to sufficiently allege injury in fact, defined as

26   "an [a]ctual or imminent invasion of a legally protected interest, in contrast to an
     invasion that is conjectural or hypothetical.") (citations omitted); *Peterson v. Cellco*

27   *P'ship*, 164 Cal. App. 4th 1583, 1592 (2008) (affirming dismissal of UCL claim because

28   "plaintiffs failed to allege facts showing injury in fact").

12

285, 290 (9th Cir. 1995) (affirming dismissal of UCL and FAL claims alleging nondisclosure claims after reviewing promotional materials at issue).[7]

Contrary to Plaintiffs' conclusory assertions, the practice of including terms and conditions on product packaging—or even inside the packaging—is the norm. As courts have recognized, "[t]ransactions in which the exchange of money precedes the communication of detailed terms are common." *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1451 (7th Cir. 1996). Consumer goods are one example: "[s]omeone who wants to buy a radio set visits a store, pays, and walks out with a box. Inside the box is a leaflet containing some terms, the most important of which usually is the warranty, read for the first time in the comfort of home." *Id.* Numerous courts, including courts in the Ninth Circuit have reached the same conclusion, holding that this type of "money first, terms later" sales process is permissible and the resulting agreement enforceable.[8]

---

[7]   *Accord Ford v. Hotwire, Inc.*, 2007 WL 6235779, at *4 (S.D. Cal. Nov. 19, 2007) ("Although Plaintiff contends that these disclosures are nonetheless misleading because Hotwire characterizes as "special" a fee that it allegedly knows is "mandatory," Plaintiff's complaint acknowledges that both the amount and mandatory nature of the resort fee at issue here is readily available public information disclosed on the hotel's own website."); *Berry v. Webloyalty.com, Inc.*, 2011 WL 1375665, (S.D. Cal. Apr. 11, 2011) (dismissing consumer fraud claims where allegedly undisclosed information was provided); *Baxter v. Intelius, Inc.*, 2010 WL 3791487, at *4 (C.D. Cal. Sept. 16, 2010) (dismissing nondisclosure claims where webpage provided allegedly undisclosed information).

[8]   *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592-93 (1991) (contract provision enforceable even though not provided to purchaser until after purchase and delivery of tickets.); *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *3-4 (N.D. Cal. Apr. 9, 2010) (warranty information provided to consumer inside product packaging and only available to review after purchase sufficient to inform consumer of contract details); *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *10 (N.D. Cal. Oct. 13, 2009) (same); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1103-1004 (C.D. Cal. 2002) (contract provision enforceable even though not provided to subscriber until after cable agreement executed, cable equipment purchased and cable service activated.); *Meridian Project Sys. v. Hardin Const. Co., LLC*, 426 F. Supp. 2d 1101, 1106 (E.D. Cal. 2006) (adopting the rationale from *ProCD* to conclude that the End User License Agreement, which was included inside software box, was an enforceable contract); *Hill, et al. v. Gateway 2000*, 105 F. 3d 1147, 1151 (7th Cir. 1997) (arbitration

The decision in *In re Samsung Electronics America, Inc. Blu-ray Class Action Litigation*, 2008 WL 5451024 (D.N.J. Dec. 31, 2008), is directly on point.  In that case, plaintiff alleged that Samsung sold Blu-ray Disc Players that were incompatible with certain Blu-ray Disc formats and claimed that the disclaimer regarding this incompatibility was disclosed inside the packaging and not on the exterior.  *Id.* at *3. Rejecting plaintiff's warranty and consumer fraud claims, the Court ruled that "the law does not require warranties or disclaimers to be printed on packaging […] so that customers can 'readily' see and consider the terms before purchasing the product."  *Id.* at *4.  "[Samsung's] decision to include warranty information on the inside of the Players' packaging comports with established law and cannot be deemed a violation of the [New Jersey Consumer Fraud Act]."  *Id.*[9]

---

provision enforceable even though not provided to purchaser until after purchase and delivery of product because purchaser could have returned product but did not. "…[V]endors [may] skip costly and ineffectual steps such as telephonic recitation [of contract terms], and instead use simple approve-or-return device.  ***Competent adults are bound by such documents, read or unread.***") (emphasis added); *Rivera v. AT&T Corp.*, 420 F. Supp. 2d 1312, 1320-21 (S.D. Fla. 2006) (contract limitation enforceable even though not provided to mobile phone service customers until after services purchased because customers continued to accept service).

[9]    *Accord Wold v. Dell Financial Services, L.P.*, 598 F. Supp. 2d 984, 987-88 (D. Minn. 2009) (contract provision enforceable even though not provided to borrower until after credit application approved over telephone.  "Courts routinely enforce so-called 'shrinkwrap' accept-or-return arbitration agreements."); *Schafer v. AT&T Wireless Services, Inc.*, 2005 WL 850459, at*4-5 (S.D. Ill.  Apr. 1, 2005) (contractual restriction enforceable even though only provided on inside of packaging and reviewable after purchase where outside packaging referred to agreement contained inside); *Spivey v. Adaptive Marketing*, 660 F. Supp. 2d 940, 948 (S.D. Ill. 2009) (written membership agreement mailed to consumer after initial phone sale created binding terms of contract); *Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *5 (Del. Sup. Ct., Sept. 3, 1999) (granting defendant's motion to dismiss breach of implied warranty of merchantability, finding the disclaimer to be effective despite its physical placement inside the packaging of the Zip drive); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 563, n. 10 (6th Cir. 2004) (shrinkwrap license contained in product packaging binding and enforceable); *Mudd-Lyman Sales and Service Corp. v. United Parcel Service, Inc.*, 236 F. Supp. 2d 907, 911-912 (N.D. Ill. 2002) (license agreement binding on plaintiff

If the disclaimer at issue in *Samsung* could not support consumer fraud and warranty claims, then *a fortiori* the expiration date at issue in this case cannot support any cause of action.  Rather than appearing only inside the box as in *Samsung*, the possible expiration date is noted on the *outside and inside* of every Movie Package at issue in this case, and, for several titles, is noted on the front with an asterisk or express statement[10] as shown in the table below:

| MOVIE | PACKAGING DISCLOSURES RE EXPIRATION DATE |
|---|---|
| 1.  The Incredible Hulk (FAC, ¶ 10.) | <u>Front of Package</u>:  Asterisk next to digital copy offer that refers to text on front of package: "See Back for Details"<br><br><u>Back of Package</u>:  Asterisk next to digital copy offer that refers to text on back of package:  "Code that permits activation of digital copy may not be valid after 10/31/09."<br><br><u>Package Insert</u>:  "Code that permits activation of Digital Copy may not be valid after 10/31/09."  (Blum Decl., Ex. 3.) |
| 2. Couples Retreat (FAC, ¶ 9.) | <u>Front of Package</u>:  "Includes Digital Copy for a Limited Time Only!"  Asterisk next to digital copy offer that refers to text on front of package: "Expires 2/28/11"<br><br><u>Back of Package</u>: Asterisk next to digital copy offer that refers to text on back of package:  "Code that permits activation of digital copy may not be valid after 2/28/11." |

where plaintiff broke software packaging seal manifesting acceptance of terms of licensing agreement provided in separate envelope).

[10]     *See Loiseau v. VISA USA Inc.*, 2010 WL 4542896, at *2 (S.D. Cal. Feb. 10, 2010) (granting motion to dismiss UCL claim: "Plaintiff's allegation that customers are not told about the "fine print insert" is baseless, since Plaintiff acknowledged that customers are directed to see Terms and Conditions."); *Dugan v. FedEx Corp.*, 2002 WL 31305208, at *4 (C.D. Cal. Sept. 27, 2002) (dismissing claims of putative class, stating that "Defendant's Airbills contain "a conspicuous notice on the front directing the customer to the terms and conditions printed on the reverse of the document."); *Downey v. Fed. Express Corp.*, 1993 WL 463283, at *4 (N.D. Cal. Oct. 29, 1993) (granting defendant's motion for summary judgment, stating "the terms on the front and back of the airbill twice give notice to the shipper that Federal Express' liability is limited. The airbill refers the shipper to the service guide which also gives notice of the liability limitation. More importantly, in their joint statement of undisputed facts the parties concede that the package was delivered along with the airbill.").

*LA 130,044,622v8*

| MOVIE | PACKAGING DISCLOSURES RE EXPIRATION DATE |
|---|---|
| | Package Insert: "Code that permits activation of Digital Copy may not be valid after 02/28/11." (Blum Decl., Ex. 2.) |
| 3.  The Spirit (*Id.*) | Back of Package:  "Code that permits transfer of Digital Copy may not be valid after April 14, 2010."<br><br>Package Insert: "Code that permits transfer of digital copy may not be valid after 4/14/2010." (Declaration of Akin Ceylan ("Ceylan Decl."), Ex. 1.) |
| 4.  Valkyrie (*Id.*) | Back of Package:  Asterisk next to digital copy offer that refers to text on back of package reading:  "Serial number that permits transfer of Digital Copy may not be valid after January 5, 2011. Visit www.foxdigitalcopy.com for more information . . ."[11]<br><br>Package Insert: "Code that permits transfer of digital copy may not be valid after April 20, 2011." (Declaration of Clayton Biele ("Biele Decl."), Ex. 1.) |
| 5.  The Wrestler (*Id.*) | Back of Package:  Asterisk next to digital copy offer that refers to text on back of package reading: "Code that permits transfer of Digital Copy may not be valid after April 20, 2011.  Visit www.foxdigitalcopy.com for more information . . ."<br><br>Package Insert: "Code that permits transfer of digital copy may not be valid after April 20, 2011." (Biele Decl., Ex. 2.) |
| 6.  12 Rounds (*Id.*) | Back of Package:  Asterisk next to digital copy offer that refers to text on back of package reading: "Code that permits transfer of Digital Copy may not be valid after June 29, 2011.  Visit www.foxdigitalcopy.com for more information . . ."<br><br>Package Insert:  "Code that permits transfer of digital copy may not be valid after June 29, 2011." (Biele Decl., Ex. 3.) |
| 7.  From Paris With Love (*Id.*) | Back of Package:  "Code that permits transfer of Digital Copy may not be valid after June 8, 2011."<br><br>Package Insert:  "Code that permits transfer of Digital Copy may not be valid after 6/8/2011." (Ceylan Decl., Ex. 2.) |
| 8.  Little Fockers (*Id.*) | Front of Package: Digital Copy Offer Sticker: "Expires 9/30/2011." |

---

[11] The "Support" portion of the www.foxdigitalcopy.com website states that "[t]he serial number that permits Digital Copy transfer may be valid for only a limited time." (Herrington Decl., Ex. 2.)  The website further directs consumers to contact customer service for questions regarding the activation code.  (*Id.*)

LA 130,044,622v8

| MOVIE | PACKAGING DISCLOSURES RE EXPIRATION DATE |
|---|---|
| | Back of Package: Bright red, bold text: "**Code that permits activation of digital copy may not be valid after 9/30/11.**"<br><br>Package Insert: "**Code that permits activation of Digital Copy may not be valid after 9/30/11.**" (Bold in original). (Blum Decl., Ex. 1.) |
| 9. Appaloosa (*Id.*) | Front of Package: Fold out sticker regarding digital copy offer that reads: "Open here for full restrictions." Inside of sticker reads: "Offer expires January 6, 2010."<br><br>Package Insert: "Offer expires January 6, 2010." (Declaration of Jennifer Jones ("Jones Decl."), Ex. 1.) |
| 10. Gran Torino (*Id.*) | Back of Package: "**Offer expires June 8, 2010**. Restrictions and limitations apply; see inside for details." (Bold in original).<br><br>Package Insert: Bold text at top of insert: "**Digital Copy offer expires June 8, 2010**." Further text reads: "Offer expires June 8, 2010. Digital Copy offer is intended to be available for a limited time for discs purchased near initial release date as promoted on outside packaging. Inclusion of these Digital Copy instructions does not guarantee availability of offer." (Jones Decl., Ex. 2.) |

Given these disclosures, the FAC does not and cannot state any claim for relief.[12]

## B.  All Plaintiffs' Claims Fail For Additional Reasons.

All Plaintiffs' purported claims fail based on the absence of economic injury and the disclosures provided as set forth above. Although the Court need not reach these issues, Plaintiffs' claims fail for several additional reasons:

### 1.  Cooper fails to satisfy Rule 9(b).

Cooper's claims should be dismissed because they do not satisfy Federal Rule of Civil Procedure 9(b). As shown (*supra* at pp. 9-10), Rule 9(b) applies and required

---

[12]   In their FAC, Plaintiffs try to analogize this case to *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008). The case is inapposite. *Gerber* involved product packaging with representations on the front that the product contained a variety of actual fruit juices when the ingredients only contained white grape juice from concentrate. In contrast, Plaintiffs do not allege that Defendants represented that the digital access codes would not expire. To the contrary, the only representations made by Defendants were that the digital access codes *would* expire. Accordingly, *Gerber* is not applicable to this case.

Cooper to allege the who, what, when, where and why of the alleged fraud.  Although he identifies the titles of the Movie Packages he purchased, Cooper fails to allege (i) when he purchased the Movie Packages; (ii) what disclosures were made regarding the possible expiration dates;  (iii) exactly where and how these disclosures were displayed; and (iv) whether he read the disclosures prior to the expiration dates (or even whether he ever attempted to access the codes).  The images pasted into the FAC purporting to show the Movie Packages purchased by Plaintiff Cooper are illegible.  As a result, they do nothing to show the actual disclosures that were made. Without these facts, Cooper's claims fall short of Rule 9(b)'s particularity requirement and must be dismissed.[13]

> ### 2.   Perry only alleges he bought a Universal Movie Package and thus cannot assert claims against anyone else.

Perry only claims to have bought one Movie Package from one Defendant, Universal.  (FAC ¶ 10.)  Yet, he purports to assert several claims against all the other Defendants, parties with whom he never dealt.  (*Id.* ¶¶ 85-122.)  This attempt fails as a matter of law.[14]  Perry's purported claims against all Defendants (other than Universal)

---

[13]   *See Lopez v. GMAC Mortg.*, 2011 WL 6029875, at *22 (E.D. Cal. Dec. 5, 2011) (dismissing UCL claim that "lack[ed] reasonable particularity of facts to support a UCL claim"); *Dorado v. Shea Homes Ltd. P'ship*, 2011 WL 3875626, at *13 (E.D. Cal Aug. 31, 2011) (dismissing complaint because its "conclusory allegations fail to meet Rule 9(b)'s strict standard"); *Rodriguez v. JP Morgan Chase & Co.*, 2011 WL 3805635, at *5 (S.D. Cal. Aug. 25, 2011) (dismissing UCL claim stating "Plaintiff fails to allege with specificity who engaged in the fraud and when and how."); *Kennedy Funding, Inc. v. Chapman*, 2010 WL 4509805, at *6 (N.D. Cal. Nov. 1, 2010) (granting motion to dismiss claims for failure to meet Rule 9(b)'s particularity requirements).

[14]   *See, e.g., Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) (UCL claim dismissed for lack of Article III standing where plaintiff "did not buy any [insurance] policy from [an insurance company defendant] and so did not suffer any injury due to [that company's] conduct . . ."); *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 944-45 (S.D. Cal. 2007) (Plaintiff's UCL claim against Wal-Mart Stores, Inc. dismissed where plaintiff did not and could not allege that she purchased any products from that particular defendant); *see also Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5833636, *2-3 (N.D. Cal. Nov. 15, 2011) ("Complaint does not allege that any of the named Plaintiffs paid insurance premiums to any of the Moving Parties . . .

1 must be dismissed for this additional reason.

2     **3.    California law does not apply.**

3     All of Plaintiffs' California claims fail as a matter of law because California law

4 does not apply to this case.  The California Supreme Court recently explained that there

5 is a presumption against applying California law to activity and transactions occurring

6 outside the state.  *Sullivan v. Oracle*, 51 Cal. 4th 1191, 1207 (2011). In *Sullivan*,

7 plaintiffs sued under the UCL claiming that Oracle failed to provide them with overtime

8 pay for work performed outside of California.  *Oracle*, 51 Cal. 4th at 1195.  The Court

9 held that the UCL could not be applied extraterritorially to these out-of-state plaintiffs for

10 work performed outside of California.  *Id.*  1208-09 ("the presumption against

11 extraterritoriality applies to the UCL in full force." )

12     The California Supreme Court reached this conclusion despite allegations that the

13 decision not to pay overtime was made at Oracle's headquarters in California.  *Id.* at

14 1209.  The Court reasoned that Oracle's decision to classify workers as ineligible for

15 overtime was not what gave rise to liability under the UCL, but rather the failure to pay

16 overtime for work performed – which occurred outside of California.  *Id.*  Using similar

17 reasoning, California courts have consistently held that claims based on California's

18 UCL, CLRA, and FAL, as well for breach of warranty or unjust enrichment, do not apply

19 extraterritorially, particularly where the alleged injury occurs elsewhere.  *See Oracle*

20 *Corp. v. SAP AG*, 734 F. Supp. 2d 956, 958, 968 (N.D. Cal. 2010) ("the UCL does not

21 apply to out-of-state conduct that does not cause injury in California").[15]

22

---

23 [accordingly] Plaintiffs did not suffer any injury due to the conduct of the Moving
Parties, which means that Plaintiffs lack Article III standing to bring a case against

24 Moving Parties."); *see also* Prop. 64, § 1, subd. (b)(3) (UCL injury in fact requirement

25 imposed to prevent abuses by private attorneys who "[f]ile lawsuits for clients who have
not used the defendant's product or service, viewed the defendant's advertising, or had

26 any other business dealing with the defendant . . .")

27 [15]  **UCL/FAL:** *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-

28 225 (1999) (denying nationwide class certification because California's UCL did not
apply extraterritorially to insurance purchased outside of California by out of state

Here, there is no basis to apply California law.  Cooper and Perry are residents of Arkansas and Illinois. They allege injuries purportedly sustained in Arkansas and Illinois based on transactions in Arkansas and Illinois.  For example, Perry alleges he bought one Movie Package in Illinois, The Incredible Hulk, which is distributed by defendant Universal (a Delaware company with its principal place of business in New York, NY). (FAC, ¶¶ 10, 15-16.)  Perry offers literally nothing to connect this transaction to California.  Cooper's transactions are similarly deficient, with the only difference being that some of the Movie Packages he bought were made by Defendants whose companies are based in California.  As in *Sullivan*, having corporate headquarters in California does not justify applying California law, particularly when, as here, the transaction and alleged injury occurred elsewhere.  All of the California law claims must be dismissed.

### 4.    Plaintiffs' CLRA claim fails for additional reasons.

The CLRA claim fails for two additional reasons:

**No Affidavit.**  The CLRA requires that "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the

---

plaintiffs); *Tidenberg v. Bidz.com, Inc.*, 2009 WL 605249, at *3 (C.D. Cal. Mar. 4, 2009) ("Nonresidents of California may not invoke the UCL or FAL when the allegedly unlawful conduct does not occur inside California."); *Churchill Village, LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000) ("[UCL] does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California."); **CLRA**: *See, e.g.*, *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 917-18 (C.D. Cal. 2011) ("Plaintiffs' claims under the UCL and CLRA are dismissed because these California statutes cannot provide relief for non-California residents who cannot allege a sufficient connection to California."); *Murphy v. DirecTV, Inc.*, 2011 WL 3325891, *3 (C.D. Cal. Feb. 11, 2011) (CLRA not applicable to claims by non-resident plaintiffs for injuries and conduct occurring outside of California.); **Breach of Warranty:** *Cummins, Inc. v. Superior Court*, 36 Cal. 4th 478, 489 (2005) (Breach of warranty claims under Cal. Civ. Code § 1793, *et seq.* "limited to goods that are 'sold in this state and for which the manufacturer has provided an express warranty.'")(quoting Cal. Civ. Code 1793.2(a)); *Davis v. Newmar Corp.*, 136 Cal. App. 4th 275, 278 (2006) (same); **Unjust Enrichment:** No such claim, *see infra* at Sec. IV. B. 8.

1  action." Cal. Civ. Code § 1780(d).  If "a plaintiff fails to file the affidavit required by
2  this section, the court shall, upon its own motion or upon motion of any party, dismiss the
3  action, without prejudice." *Id*.  Plaintiffs have not filed the required affidavits, so their
4  CLRA claims must be dismissed.  *See In re Sony Grand Wega KDF-E A10/A20 Series
5  Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093-94 (S.D. Cal. 2010)
6  (dismissing CLRA claim because plaintiffs failed to provide the required affidavit.)

7      **No Notice.**  The CLRA also requires Plaintiffs to provide Defendants thirty days
8  notice of the specific alleged CLRA violations by certified registered mail before filing a
9  CLRA claim for damages.  Cal. Civ. Code § 1782(a).  Federal courts have required
10  "[s]trict adherence to the statute's notice provision … to accomplish the [CLRA's] goals
11  of expeditious remediation before litigation."  *Laster v. T-Mobile USA, Inc.*, 407 F. Supp.
12  2d 1181, 1196 (S.D. Cal. 2005).  Here, Plaintiffs did not provide the required thirty-days
13  notice.  On October 24, 2011, the same day they filed their complaint seeking damages
14  under the CLRA, Plaintiffs sent a purported CLRA letter.  (Herrington Decl., Ex. 3.)
15  Accordingly, Plaintiffs' may not assert a damages claim under the CLRA.  *See Cattie v.
16  Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007) ("failure to give notice
17  before seeking damages necessitates dismissal with prejudice, *even if a plaintiff later
18  gives notice and amends*.") (emphasis added).

19      **5.      Plaintiffs cannot state a claim under any prong of the UCL**.
20      California's UCL prohibits three types of unfair competition: (1) unlawful acts or
21  practices, (2) unfair acts or practices, and (3) fraudulent acts or practices.  *Cel-Tech
22  Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999); *see also Baxter
23  v. Intelius, Inc.*, 2010 WL 3791487, *5 (C.D. Cal. Sept. 16, 2010) (dismissing plaintiffs'
24  UCL claim because web pages at issue were not deceptive).  For the reasons discussed
25  below, the FAC does not state a cognizable claim under any prong of the UCL.

26      *No "Unlawful Practice."*  Plaintiffs allege that Defendants have committed an
27  "unlawful practice" by selling movie packages "with access codes subject to expiration
28  dates that are not conspicuously disclosed on the packaging . . ." (FAC, ¶ 87.)  Plaintiffs,

21

1  however, fail to allege any law that is being violated and that could serve as a basis for a

2  claim under the unlawful prong.  Accordingly, this claim should be dismissed.  *See*

3  *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1333-1334 (2002) (defendants

4  actions did not violate the law and could not serve as a predicate "unlawful" act).

5      ***No "Fraudulent Practice."***  Plaintiffs cannot state a claim under the "fraudulent"

6  prong because, as shown, the expiration dates were disclosed. (*See supra* at IV. A. 2.)

7      ***No "Unfair Practice."***  Most courts agree that, after the California Supreme

8  Court's decision in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

9  *Co.*, 20 Cal. 4th 163 (1999), a claim asserted under the "unfairness" prong must be

10  "'tethered' to [a] specific constitutional, statutory or regulatory provision[]." *Gregory v.*

11  *Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002); *Van Slyke v. Capital One Bank*,

12  2007 WL 3343943, *11 (N.D. Cal. Nov. 7, 2007) ("[O]therwise the courts will roam

13  across the landscape of consumer transactions picking and choosing which they like and

14  which they dislike."). In alleging an "unfair practice" under the UCL, "[t]he burden is on

15  the plaintiffs to show why [defendant] was *not* permitted to" act as it did.  *Berryman v.*

16  *Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007).[16]  Here, Plaintiffs have

17  offered only conclusory allegations (FAC, ¶ 88), failing to tether their allegations to any

18  specific statute or regulation.  Accordingly, their claim under the unfair prong should be

19  dismissed for this additional reason.[17]

20

21

22

---

23  [16]    Even those courts that do not follow the majority rule still require that a plaintiff

24  plead facts to support the claim, rather than mere conclusions, which is all Plaintiffs offer
here.  *See Ford v. Hotwire, Inc.*, 2007 WL 6235779, *5 (S.D. Cal. Nov. 19, 2007) ("The

25  complaint fails to discharge Plaintiff's obligation . . . under Rule 8(a)(2) 'to provide the
grounds of his entitlement to relief [with] more than labels and conclusions . . . .'").

26  [17]    *Accord Buller v. Sutter Health*, 160 Cal. App. 4th 981, 991 (2008) ("[t]his court

27  . . . has followed the line of authority that . . . requires the allegedly unfair business

28  practice be 'tethered' to a legislatively declared policy or has some actual or threatened
impact on competition.").

**6.**     **Plaintiffs' claims under the Arkansas and Illinois consumer fraud acts fail because the FAC alleges no facts establishing knowledge or intent.**

The Illinois and Arkansas consumer fraud statutes have an intent requirement. "To state a claim under the ICFA, the plaintiff must allege [among other things] the defendant's intent that the plaintiff rely on the deception . . ." *Langendorf v. Conseco Senior Health Ins. Co.*, 590 F. Supp. 2d 1020, 1022 (N.D. Ill. 2008). Similarly, each section of the Arkansas consumer fraud statute requires facts establishing knowledge or intent. Ark. Code § 4-88-107(a)(1) ("***Knowingly*** making a false representation as to the characteristics . . . of goods . . ."); Ark. Code § 4-88-107(a)(3) "Advertising the goods or services with the ***intent*** not to sell them as advertised"); Ark. Code § 4-88-108(1), (2) "omission of any material fact with ***intent*** that others rely [there]upon . . .")

To allege "knowledge" or "intent" under Rule 8 and Rule 9(b), "circumstances must be pleaded that provide a factual foundation for otherwise conclusory allegations of scienter." *Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1004 (2d Cir. 1988); *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, *14 (N.D. Cal. June 5, 2009) ("conclusory allegation that Defendants intended to mislead the public" insufficient to allege intent on motion to dismiss); *see also Ashcroft v. Iqbal, supra*, 129 S. Ct. at 1954 (conclusory allegations of intent insufficient under Fed. R. Civ. Proc. 8 and 9(b): "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss."); *see also DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *8 (N.D. Cal. Jan. 28, 2011, 2011) (granting motion to dismiss for failure to plead sufficient facts establishing fraudulent knowledge or intent: "Plaintiffs must still plead facts establishing scienter with the plausibility required under Rule 8(a).")

Here, Plaintiffs do not allege any facts establishing the required knowledge and/or intent. Perry's claim under Illinois law (only against Universal), alleges only that "Universal intended for Plaintiff Perry to rely on the Universal's [*sic*] deceptive practices . . ." (FAC, ¶ 129). Cooper's Arkansas claim (alleged against all Defendants) includes

1   *no* allegations, conclusory or otherwise, concerning knowledge or intent.  Accordingly,

2   the Arkansas and Illinois consumer fraud claims fail for this additional reason.

3       **7.      The breach of warranty claims fail.**

4       Plaintiffs' warranty claims fail for two additional reasons:

5       **No express warranty.**  Plaintiffs have failed to allege the terms of any express

6   warranty. *See Tietsworth*, *supra*, 2009 WL 1363548 at *2 (to state claim for breach of

7   express warranty, plaintiff must allege "the exact terms of the warranty").  Nor could

8   they because Defendants made no express warranty that the digital access codes were not

9   subject to expiration.  To the contrary, as shown (*supra* at IV. A. 2.), the product

10  packaging states that the access codes *are* subject to expiration.  Because Plaintiffs

11  cannot establish the threshold existence of an express warranty, their warranty claims

12  must fail.  *See e.g. Vitt v. Apple Computer, Inc.*, No. 10-55941 (9th Cir. Dec. 6, 2011)

13  (affirming dismissal of warranty claim on this ground) (citing *Seely v. White Motor Co.*,

14  63 Cal. 2d 9, 18 (1965) ("[A consumer can] be fairly charged with the risk that the

15  product will not match his economic expectations unless the manufacturer agrees that it

16  will.")

17      **No Notice.**  California, Illinois and Arkansas law require a plaintiff to provide

18  specific notice of any alleged warranty violation before bringing suit:

19      •       Under California law, "[t]o recover on a breach of warranty claim, '[t]he

20  buyer must, within a reasonable time after he or she discovers or should have

21  discovered any breach, notify the seller of any breach or be barred from any

22  remedy.'"  *Cardinal Health 301, Inc. v. Tyco Electronics Corp.*, 169 Cal. App. 4th

23  116, 135 (2008) (quoting Cal. Com. Code § 2607(3)(A)).

24      •       Under Illinois law, a "buyer must within a reasonable time after he discovers

25  or should have discovered any breach [of express warranty] notify the seller of the

26  breach or be barred from any remedy."  810 ILCS 5/2-607(3)(a).  Compliance with

27  this notice requirement must be alleged in the complaint.  *Connick v. Suzuki Motor*

28  *Co., Ltd.*, 174 Ill.2d 482, 494-495 (1996) ("…failure to allege sufficient notice is fatal

1    to plaintiffs' breach of warranty claims.")

2    •    Under Arkansas law, "the giving of reasonable notice is a condition

3    precedent to recovery [for breach of warranty]" and "the giving of notice must be

4    alleged in the complaint in order to state a cause of action." *Adams v. Wacaster Oil*

5    *Co., Inc.*, 81 Ark. App. 150, 155 (2003); *see also* Ark. Code Ann. § 4-2-607(3)(a).

6    Here, Plaintiffs have not alleged that they provided notice of the alleged breach of

7    warranty before filing suit.  Accordingly, their warranty claims must be dismissed.

8    **8.    The unjust enrichment "claims" fail.**

9    "[U]njust enrichment is not a cause of action.  Rather it is a general principle

10   underlying various doctrines and remedies." *Jogani v. Superior* Court, 165 Cal. App. 4th

11   901, 911 (2008).  "The phrase 'Unjust Enrichment' does not describe a theory of

12   recovery, but an effect: the result of a failure to make restitution under circumstances

13   where it is equitable to do so." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779,

14   793 (2003); *accord Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017,

15   1024-25 (2009) ("Unjust enrichment is not a separate cause of action that, standing alone,

16   will justify an action for recovery"); *Sparks Regional Med. Center v. Blatt*, 55 Ark. App.

17   311, 317 (1996) ("The phrase 'unjust enrichment' does not describe a theory of recovery,

18   but an effect . . .").  Accordingly, the unjust enrichment "claim" should be dismissed.

19   ## V.    CONCLUSION

20   For the foregoing reasons, Plaintiffs' FAC does not state any claim for relief and

21   should be dismissed with prejudice.

22   DATED:  January 9, 2012            GREENBERG TRAURIG, LLP

23                                      By:  */s/  JEFF E. SCOTT*
                                             Jeff E. Scott
24                                      Attorneys for Defendants Twentieth Century Fox
                                        Home Entertainment, LLC; Warner Bros.
25                                      Entertainment Inc.; Lions Gate Films, Inc.; United
                                        Artists Corporation; Universal City Studios LLC
26                                      erroneously sued as Universal Pictures; and
                                        Universal Studios Home Entertainment LLC
27

28

LA 130,044,622v8