JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PHILLIP COOPER and JOSHUA PERRY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC; WARNER BROTHERS ENTERTAINMENT, INC.; LIONS GATE FILMS, INC.; UNITED ARTISTS CORPORATION; UNIVERSAL PICTURES; AND UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC,<br><br>Defendants. | CASE NO.  CV-11-8807 R (PJWx)<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:   March 5, 2012<br>Time:   10:00 a.m.<br>Courtroom:  8<br>Judge:   Hon. Manuel L. Real<br>Date Filed:  October 24, 2011<br>Trial Date:  None |

///

///

///

# ORDER

Having considered Defendants Twentieth Century Fox Home Entertainment, LLC, Warner Bros. Entertainment Inc., Lions Gate Films, Inc., United Artists Corporation, Universal City Studios LLC, erroneously sued as Universal Pictures, and Universal Studios Home Entertainment LLC's ("Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"), and the Motion to Strike Plaintiffs' Class Allegations ("Motion to Strike") and good cause appearing, the Court hereby GRANTS Defendants' Motion to Dismiss with prejudice. Because the Motion to Dismiss is GRANTED, the Motion to Strike is DENIED as moot.

## A. Legal Standard.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Facial plausibility requires Plaintiff to plead factual content that would allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A complaint which alleges only labels and conclusions or a formulaic recitation of elements of the cause of action will not survive dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order to be entitled to relief from an Article III Court, the plaintiff must plead to more than just a "conjectural or hypothetical" injury, but rather, "an injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the context of a class action, at least one named plaintiff must have suffered an injury in fact for the case to proceed. *Lierboe v. State Farm Mutual Auto Insurance Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

## B. Plaintiffs' First Amended Complaint Must Be Dismissed With Prejudice

In this case, Plaintiffs allege that they suffered an injury due to the expiration dates on the digital copies of films bundled with DVDs sold at retail. However, many of the expiration dates state that the digital copy only "may" expire, and Plaintiffs have failed to allege a single instance in which they were unable to access the digital copies

1  or that the expiration date had actually ever been enforced.  Plaintiffs merely allege that
2  "it is hard to believe that the defendants do not enforce the expiration dates."  This
3  failure is fatal to Plaintiffs' complaint.
4  　　　Standing cannot be predicated on an injury which the plaintiff has not suffered.
5  *In re Franklin Mutual Funds Fee Litigation*, 388 F.Supp.2d 451, 461 (D. N.J. 2005).
6  This merely speculative injury alleged by Plaintiffs is insufficient to demonstrate an
7  actual or imminent injury in fact.  Although imminence is concededly a somewhat
8  elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the
9  alleged injury is not too speculative.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564,
10 fn. 2 (1992).
11 　　　In *Alfi v. Nordstrom, Inc.*, 2010 WL 5093434 (S.D. Cal. Dec. 8, 2010), the court
12 held that a plaintiff has failed to show an imminent injury, in part, because the plaintiff
13 does not describe whether he attempted to redeem expired notices, and if so, whether
14 Nordstrom honored or rejected the expired notices.  *Id.* at *5.  Similarly in *In re HP*
15 *Inkjet Printer Litigation*, 2006 WL 1581950 (N.D. Cal. June 6, 2006), the court held
16 that no injury in fact had occurred because Plaintiffs failed to "quantify the likelihood
17 that cartridges would actually expire or when such expiration would occur."  *Id.* at *3.
18 　　　Similarly here, Plaintiff merely speculates that the digital copies may become
19 unavailable at some undetermined point in the future without any proof either that the
20 expiration date is enforced or, indeed, ever will be.
21 　　　Therefore, Defendants' motion to dismiss is granted with prejudice, and
22 Defendants' motion to strike is therefore moot.
23 　　　IT IS SO ORDERED.
24
25 Dated: March 16, 2012                    _____
26                                            Hon. Manuel L. Real
                                            United States District Judge
27
28